UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| GERALD and DONNA ERICKSON, | ) | |
| | ) | |
| Plaintiffs, | ) | 3:10-cv-0678-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| PNC MORTGAGE; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the court is plaintiffs Gerald and Donna Erickson's ("the Ericksons") motion to remand filed on October 29, 2010. Doc. #3.[1] Defendants filed oppositions (Doc. ##10,12) to which the Ericksons replied (Doc. #14).

**I.   Facts and Procedural History**

In January, 2005, the Ericksons purchased real property through a mortgage note and deed of trust originated and executed by defendant National City Bank of Indiana. Eventually, the Ericksons defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Ericksons filed a complaint in state court against defendants alleging four causes of action: (1) quiet title; (2) Nevada Fair Debt Collection Practices Act, NRS 649.370;

---

[1] Refers to the court's docket entry number.

(3) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; and (4) breach of good faith and fair dealing. Doc. #1, Exhibit A. Defendants removed the action to federal court based upon federal question and diversity jurisdiction. Doc. #1. Thereafter, the Ericksons filed the present motion to remand. Doc. #3.

## II.     Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III.    Discussion

### A. Federal Question Jurisdiction

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

The Ericksons' allege four causes of action. Doc. #1, Exhibit 1. Based on the face of the complaint, the Ericksons allege only state law claims insufficient to grant federal question

1 jurisdiction. In opposition, defendants argue that removal is proper because the Ericksons' claims
2 are rooted in federal law. *See Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S
3 308, 312 (2005) (federal question jurisdiction will lie over state law claims that implicate
4 significant federal issues). Therefore, defendants contend the court may exercise federal question
5 jurisdiction.

6 However, contrary to defendants' position, the Nevada statutes at issue in the complaint
7 define state claims that are separate from, and have distinct legal precedents different than, their
8 federal counterparts. Although federal regulations are expressly noted in the Nevada statutes, these
9 references only provide a framework for determining the types of claims that can be brought under
10 the state statutes. The fact that a violation of federal law may be a predicate for the violation of
11 state law does not automatically elevate the state claim to a claim requiring "resolution of a
12 substantial question of federal law" sufficient to establish jurisdiction. *Franchise Tax Bd. of Cal*,
13 463 U.S. at 13. Further, the Nevada courts have interpreted these statutes without implicating
14 federal issues. *See e.g., State ex rel. List v. AAA Auto Leasing & Rental*, 93 Nev. 483 (Nev. 1977)
15 (enforcing NRS 598).

16 Accordingly, the court finds that the Ericksons' state law claims do not implicate
17 significant federal issues establishing federal question jurisdiction. *See e.g.*, *California ex. Rel*
18 *Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (finding that removal was proper only
19 because the state causes of action turned on the defendant's compliance with federal regulations).
20 Therefore, the court cannot exercise federal question jurisdiction.

21 **B. Diversity Jurisdiction**

22 A district court has original jurisdiction over civil actions where the suit is between citizens
23 of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.
24 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none
25 of the parties in interest properly joined and served as defendants is a citizen of the state in which
26

3

such action is brought." 28 U.S.C. § 1441(b).

Here, defendants argue that there is complete diversity between the parties because the Ericksons are residents of Nevada while defendants are citizens of various other states. Further, defendants contend that the amount in controversy requirement has been met because the value of the property at issue is more than $75,000. In their reply brief, the Ericksons concede that the value of the property is in excess of $75,000 and that all "defendants that have been named in the complaint are all non-citizens of Nevada." Accordingly, the court finds that there is complete diversity between the parties and that the exercise of diversity jurisdiction is appropriate.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #3) is DENIED.

IT IS SO ORDERED.

DATED this 14th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE