UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD and DONNA ERICKSON,<br><br>        Plaintiffs,<br><br>v.<br><br>PNC MORTGAGE; et al.,<br><br>        Defendants. | 3:10-cv-0678-LRH-VPC<br><br>ORDER |

Before the court is defendant MTC Financial Inc.'s ("MTC Financial") motion to dismiss the amended complaint. Doc. #30.[1] Plaintiffs Gerald and Donna Erickson ("the Ericksons") filed an opposition (Doc. #40) to which MTC Financial replied (Doc. #46).

Also before the court is the Ericksons' motion for summary judgment, or in the alternative, for certification of certain questions to the Nevada Supreme Court. Doc. #34.

**I.  Facts and Procedural History**

In January, 2005, the Ericksons purchased real property through a mortgage note and deed of trust executed by defendant non-party Accubanc Mortgage. Eventually, the Ericksons defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Ericksons filed a complaint in state court against defendants. Doc. #1,

---

[1] Refers to the court's docket entry number.

Exhibit A. Defendants removed the action to federal court (Doc. #1) and the Ericksons filed an amended complaint (Doc. #26, Exhibit 1). The amended complaint alleges eight causes of action against defendants: (1) declaratory relief; (2) wrongful foreclosure; (3) contractual breach of the duty of good faith and fair dealing; (4) tortious breach of the duty of good faith and fair dealing; (5) violation of NRS 649 (debt collection violations); (6) violation of the Fair Debt Collection Practices Act ("FDCPA"); (7) unfair and deceptive trade practices; and (8) violation of the Truth in Lending Act ("TILA"). Doc. #26, Exhibit 1. Thereafter, MTC Financial filed the present motion to dismiss claims one (1) through seven (7) from the amended complaint.[2] Doc. #30.

## II.     Legal Standard

Defendant MTC Financial seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common

---

[2] Defendant MTC Financial is not alleged to have violated the Truth in Lending Act. *See* Doc. #26, Exhibit 1.

sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

#### A. Wrongful Foreclosure

An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, the Ericksons were in default on their mortgage obligations so there can be no sustainable action for wrongful foreclosure.

#### B. Breach of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenants of good faith and fair dealing, a plaintiff must show that: (1) the

3

plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, there is no contract between the Ericksons and MTC Financial. Further, MTC Financial, as a foreclosure trustee, does not owe a fiduciary duty to the Ericksons. Therefore, there is no sustainable claim for contractual or tortious breach of the covenants of good faith and fair dealing.

**C. Debt Collection Violations (NRS § 649 and FDCPA)**

Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. *See* NRS § 649.370. Here, the Ericksons allege that MTC Financial violated the FDCPA, and thereby Nevada law, by initiating a non-judicial foreclosure without following the proper procedures for attempting to collect a debt.

It is well established that non-judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default). Further, the legislative history of the FDCPA conclusively indicates that a debt collector does not include a foreclosure trustee, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. *See* S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S.Code Cong. & Ad.NEws 1965, 1968.

As MTC Financial did not violate the FDCPA by initiating non-judicial foreclosure

4

proceedings upon the Ericksons' default, MTC Financial did not in turn violate NRS § 649. Accordingly, the court shall grant MTC Financial's motion to dismiss as to this claim.

### D. Unfair and Deceptive Trade Practices

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1).

The Ericksons allege that MTC Financial violated the statute by recording the underlying notice of default without having a state business license. However, MTC Financial simply acted as the foreclosure trustee in this matter. A foreclosure trustee does not have to be licensed to record a notice of default because a foreclosure trustee is not a debt collector. *See e.g., Hulse*, 195 F. Supp. 2d 1188; *Charov*, 2010 U.S. Dist. LEXIS 65798. Therefore, the court finds that the Ericksons have failed to state a claim upon which relief can be granted.

### E. Declaratory Relief

A claim for declaratory relief is a remedy that may be afforded to a party after he has sufficiently established and proven his claims; it is not a separate cause of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007). Here, the Ericksons' claims fail to establish any claim for relief. Accordingly, the Ericksons are not entitled to declaratory relief against MTC Financial.

### F. Certification of Questions

Rule 5 of the Nevada Rules of Appellate Procedure provides that "the [Nevada Supreme Court] may answer questions of law certified to it . . . which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of [this court.]" NEV. R. APP. P. 5(a).

Here, the Ericksons request the court certify the following questions to the Nevada Supreme Court:

>  (1) That failing to place the dollar amount of the default in the NOD is not "substantial compliance" with state law;

5

  (2) That accepting a stream of payments from a homeowner after a NOD is recorded waives the right to foreclose; and
  (3) That an NOD recorded before the Substitution of Trustee is prepared and/or recorded invalidates the foreclosure.

The court has reviewed the documents and pleadings on file in this matter and finds that the requested questions are not determinative of the present action. The requested questions concern technical issues involved in the filing of a notice of default. These issues are inconsequential to the determination of the causes of action in the Ericksons' complaint. Therefore, the court shall deny the Ericksons' motion for certification.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #30) is GRANTED. Defendant MTC Financial, Inc. is DISMISSED as a defendant in this action.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment, or in the alternative to certify questions to the Nevada Supreme Court (Doc. #34) is DENIED.

IT IS FURTHER ORDERED that the clerk of court shall file plaintiff's amended complaint attached as Exhibit 1 to the parties stipulation to amend (Doc. #26).

IT IS SO ORDERED.

DATED this 27th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE