UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |  |
|---|---|---|
| GERALD and DONNA ERICKSON, | ) ) | |
| Plaintiffs, | ) ) | 3:10-cv-0678-LRH-VPC |
| v. | ) ) | |
| PNC MORTGAGE; et al., | ) ) ) | ORDER |
| Defendants. | ) ) ) | |

Before the court is defendants PNC Mortgage ("PNC") and the Federal Home Loan Mortgage Corporation's ("Freddie Mac") (collectively "defendants") motion to dismiss the amended complaint. Doc. #39.[1] Plaintiffs Gerald and Donna Erickson ("the Ericksons") filed an opposition (Doc. #45) to which defendants replied (Doc. #49).

**I.      Facts and Procedural History**

In January, 2005, the Ericksons purchased real property through a mortgage note and deed of trust executed by defendant non-party Accubanc Mortgage. Eventually, the Ericksons defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Ericksons filed a complaint in state court against defendants. Doc. #1, Exhibit A. Defendants removed the action to federal court (Doc. #1) and the Ericksons filed an

---

[1] Refers to the court's docket entry number.

1   amended complaint (Doc. #26, Exhibit 1). The amended complaint alleges eight causes of action

2   against defendants: (1) declaratory relief; (2) wrongful foreclosure; (3) contractual breach of the

3   duty of good faith and fair dealing; (4) tortious breach of the duty of good faith and fair dealing;

4   (5) violation of NRS 649 (debt collection violations); (6) violation of the Fair Debt Collection

5   Practices Act ("FDCPA"); (7) unfair and deceptive trade practices; and (8) violation of the Truth in

6   Lending Act ("TILA"). Doc. #26, Exhibit 1. Thereafter, defendants filed the present motion to

7   dismiss claims one (1) through four (4), seven (7),[2] and eight (8) from the amended complaint.[3]

8   Doc. #39.

9   **II.    Legal Standard**

10      Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

11   to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state

12   a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading

13   standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That

14   is, a complaint must contain "a short and plain statement of the claim showing that the pleader is

15   entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

16   detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

17   formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

18   Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

19      Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

20   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

21   *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

22

23   [2] The Ericksons concede in their opposition that claim seven (7) for unfair and deceptive trade practices
     is not directed at moving defendants. *See* Doc. #45 ("Claim 7 asks for nothing from PNC, though it is
24   mistakenly listed in the subheading of that paragraph."). Accordingly, the court shall grant defendants' motion
     to dismiss as to this claim.

25   [3] Defendants are not alleged to have violated the Fifth and Sixth causes of action which relate to the
26   Fair Debt Collection Practices Act. *See* Doc. #26, Exhibit 1.

2

1   the court to draw the reasonable inference, based on the court's judicial experience and common

2   sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

3   standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

4   defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

5   defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

6   relief." *Id.* at 1949 (internal quotation marks and citation omitted).

7          In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

8   true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

9   the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

10  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

11  (internal quotation marks omitted). The court discounts these allegations because "they do nothing

12  more than state a legal conclusion—even if that conclusion is cast in the form of a factual

13  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

14  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

15  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

16  **III.    Discussion**

17          **A.  Wrongful Foreclosure**

18          An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the

19  plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*,

20  662 P.2d 610, 623 (Nev. 1983). Here, the Ericksons were in default on their mortgage obligations

21  so there can be no sustainable action for wrongful foreclosure.

22          **B.  Breach of Good Faith and Fair Dealing**

23          Under Nevada law, "[e]very contract imposes upon each party a duty of good faith

24  and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784

25  P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for

26

1  breach of the implied covenants of good faith and fair dealing, a plaintiff must show that: (1) the

2  plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and

3  fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

4  unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.

5  *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis*

6  *Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

7        Here, the Ericksons allege that they entered into a trial modification agreement with PNC,

8  made the necessary trial payments, and were foreclosed upon despite specific language in the

9  modification agreement to the contrary. The court has reviewed the allegations in the complaint and

10  finds that the Ericksons have sufficiently alleged a claim for breach of the covenants of good faith

11  and fair dealing based on the trial modification agreement. Accordingly, the court shall deny

12  defendants' motion as to this issue.

13        **C.  Breach of Fiduciary Duty**

14        The Ericksons allege that PNC breached its fiduciary duties in dealing with them during the

15  trial modification process. Generally, a loan servicer does not owe a borrower a fiduciary duty. *See*

16  *Yerington Ford, Inc. v. General Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D. Nev.

17  2004). Absent a duty, there can be no breach. *See A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9,

18  10 (Nev. 1989). Because the Ericksons have failed to allege sufficient facts to establish that PNC

19  acted outside its capacity as a loan servicer, which does not, in itself, create a fiduciary relationship,

20  the Ericksons' claim for breach of a fiduciary duty fails to state a claim upon which relief can be

21  granted.

22        **D.  Truth in Lending Act**

23        Pursuant to the Truth in Lending Act ("TILA"), "upon written request by the obligor, the

24  servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address,

25  and telephone number of the owner of the obligation or the master servicer of the obligation."

26

1  15 U.S.C. § 1642(f)(2).

2       In their complaint, the Ericksons allege that they sent an appropriate written request to PNC

3  to determine who owned their mortgage note and deed of trust under TILA and that they did not

4  receive an appropriate response in return. The court has reviewed the allegations in the complaint

5  and finds that these allegations are sufficient to state a claim for violation of TILA. Accordingly,

6  the court shall deny defendants' motion to dismiss as to this issue.

7       **E.  Declaratory Relief[4]**

8       A claim for declaratory relief is a remedy that may be afforded to a party after he has

9  sufficiently established and proven his claims; it is not a separate cause of action. *See e.g., In re*

10  *Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007). Here, the

11  Ericksons don't allege any specific claim for relief against defendant Freddie Mac. Accordingly, the

12  Ericksons are not entitled to declaratory relief.

13

14       IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #39) is

15  GRANTED in-part and DENIED in-part. Defendant PNC Mortgage is DISMISSED as a defendant

16  from plaintiff's second cause of action for wrongful foreclosure; fourth cause of action for tortious

17  breach of the duty of good faith and fair dealing; and seventh cause of action for unfair and

18  deceptive trade practices. Defendant the Federal Home Loan Mortgage Corporation is DISMISSED

19  as a defendant in this action.

20       IT IS SO ORDERED.

21       DATED this 6th day of May, 2011.

22                                   _____

23                                   LARRY R. HICKS
                                   UNITED STATES DISTRICT JUDGE

24

25       [4] The Ericksons' first claim for declaratory relief is solely against defendant Freddie Mac. PNC is not

26  a defendant to this claim.